# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOANNE ROBIN DAVIDSON,<br>Plaintiff,<br>v.<br>STARBUCKS CORPORATION; STARBUCKS #10999, and, DOES 1-200, inclusive<br>Defendants. | CASE NO. 8:26-cv-00753-JWH-JDE<br>**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**<br>Complaint Filed: February 4, 2026<br>Trial Date: November 15, 2027 |

Pursuant to the Parties' Stipulation (Dkt. 32), and for good cause shown, the Court finds and orders as follows.

1. Materials produced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents"), shall be subject to this Order if designated as subject to this Order as set forth below.

2. As used in this Order, "Confidential Information" means information (regardless of how it is generated, stored, or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, trade secrets; research, technical, commercial, operational, or financial information that the party has maintained as confidential; proprietary business information; information regarding or

relating to a party's insurance program; medical information concerning any individual; personal information about any party to this lawsuit or employees (current or former) or board members (current or former) of any party to this lawsuit; personal information and any identifying information of any non-party; non-public incident reports; income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; personnel or employment records of a person who is not a party to the case; and any information regarding any party or non-party that is protected from disclosure by law, regulation, or contract. Information or documents that are available to the public without violation of this Order may not be designated as Confidential Information.

3. Designation

(a) A party may designate a document containing Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" includes electronic media, files, images, duplicates, extracts, summaries, or descriptions containing the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean the document has any status or protection by statute or otherwise except for the purposes of this Order.

(b) A party may designate deposition testimony as Confidential Information by so advising all persons present on the record at the deposition. Alternatively, a party may advise opposing counsel in writing within sixty days after receipt of the deposition transcript, or at such other time mutually agreed upon by the parties, of the pages and lines of the deposition that the designating party requires to be treated as confidential. All deposition transcripts shall be treated as Confidential Information until the expiration of the time to make confidential designations.

///

///

4. Protection of Confidential Material

(a) Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal.

(b) Parties receiving Confidential Information and their counsel shall not disclose or permit the disclosure of such Confidential Information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel for the parties and employees of counsel;

(2) The parties to this litigation, including employees, agents, and representatives of the parties;

(3) The Court and Court personnel, including any Special Master appointed by the Court;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(6) Retained consultants, investigators, or experts not employed or engaged by a competitor of the producing party, but only after the consultant, investigator, or expert has signed the certification contained in Attachment A;

(7) Potential, anticipated, or actual fact witness and his or her counsel, but only if (i) such persons are not employed or engaged by a competitor of the producing party, (ii) disclosure will assist the witness in recalling, relating, or explaining facts or in testifying, and (iii) they have signed the certification contained in Attachment A. Witnesses shall not retain a copy of documents containing

Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their review of their deposition transcript;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Organizers and participants of jury research exercises not employed or engaged by a competitor of the producing party, but only after they have signed the certification contained in Attachment A;

(10) A mediator appointed by the Court or jointly selected by the parties; and

(11) Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "CONFIDENTIAL." Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

5. Inadvertent failure to designate a document as "CONFIDENTIAL" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure.

6. The designation of a document as "CONFIDENTIAL" is subject to challenge by any party within a reasonable time after learning of the basis of the challenge and subject to the operative Scheduling Order. Documents challenged will be identified by Bates number and not by category. Before filing a motion or contacting the Court regarding an objection to a confidential designation, the objecting party must meet and confer in compliance with Local Rule 37-1 and any motion is subject to the

provisions of Local Rule 37-1, et seq. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as confidential under the terms of this Order.

7. The production of documents or electronically stored information ("ESI") protected by the attorney-client privilege or work product doctrine, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged or protected information before production.

8. If a claim of production of privileged or work product material, whether inadvertent or otherwise, is made with respect to information then in the possession of another party, such party shall promptly return to the claiming party that material as to which the claim of production has been made and all copies thereof, and the receiving party shall not use the information for any purpose except as provided by Fed. R. Civ. P. 26(b)(5)(B).

9. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Receiving parties shall exercise the same care with regard to the storage, custody, or use of Confidential Information as they would apply to their own material of the same or comparable confidentiality and sensitivity. Receiving parties must take reasonable precautions to protect Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

(a) Confidential Information in electronic form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security,

including but not limited to application of access control rights to those persons entitled to access Confidential Information under this Order;

(b) A list of current and former authorized users of the receiving party's litigation support site shall be maintained while this litigation, including any appeal, is pending;

(c) Confidential Information downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access Confidential Information under this Order;

(d) Confidential Information in paper format shall be maintained in the receiving party's counsel's law offices or comparably secure location, with access limited to persons entitled to access Confidential Information under this Order;

(e) Electronic delivery of Confidential Information shall be by secure File Transfer Protocol or encrypted email addressed only to persons entitled to access Confidential Information under this Order;

(f) Physical shipments of Confidential Information shall be securely sealed and addressed only to persons entitled to access Confidential Information under this Order; and

(g) If a data breach that includes Confidential Information occurs or a receiving party reasonably believes such a breach may have occurred, the receiving party shall immediately report such incident to the designating party, describe the Confidential Information accessed without authorization, and use best efforts to return to the designating party Confidential Information copied or removed. In such event, the receiving party shall immediately take such actions as the producing party shall request in good faith to remediate the breach, to preclude further breaches, and to address publicity regarding the breach, and in any event take such actions as are required by applicable laws, including privacy laws. After notification, the receiving party shall keep the designating party informed of remediation efforts.

10. Confidential Information Subpoenaed or Ordered Produced in Other Litigation

(a) If a receiving party is served with a subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while a receiving party has Confidential Information in its possession, custody, or control.

11. The parties reserve the right to seek Attorneys' Eyes Only treatment of highly confidential materials if such materials are requested in discovery and agreed to be discoverable or ordered to be produced.

12. Nothing in this Order shall affect local rules concerning information, documents, or exhibits to be filed under seal.

13. Nothing in this Order shall affect the use of any document, material, or

information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial shall bring the issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. Obligations at Conclusion of Litigation

(a) Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Within 60 days after this matter concludes by settlement, final judgment, or final order, including all appeals, any document containing Confidential Information, including copies, shall be returned to the producing party unless (1) the document has been offered into evidence or filed without restriction as to disclosure or (2) the parties agree to destruction of the document to the extent practicable in lieu of return.

(c) Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided its use does not disclose or use Confidential Information.

15. Nonparties subpoenaed in this matter may designate documents as "CONFIDENTIAL" pursuant to this Order but may not be given access to Confidential Information designated by others unless they execute and file with the Court their written agreement to be bound by this Order.

16. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

17. This Order is entered based on the parties' representations and agreements and for the purpose of facilitating discovery.

18. This Order takes effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms

19. This Order has no effect upon, and shall not apply to, designating parties' use of their own Confidential Information for any purpose.

**IT IS SO ORDERED.**

Dated: August 28, 2026 By:______________________

JOHN D. EARLY
United States Magistrate Judge

**ATTACHMENT A**

*Joanne Robin Davidson v. Starbucks Corporation*

*(CASE NO. 8:26-cv-00753-JWH-JDE)*

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned acknowledges he/she has read the Protective Order attached hereto, understands the terms of the Protective Order, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of this Court in matters relating to the Protective Order and understands the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person or entity. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

PRINTED NAME:____________________________________________

EMPLOYER:______________________________________________

JOB TITLE:_______________________________________________

BUSINESS ADDRESS:________________________________________

________________ _____________________________________

DATE: SIGNATURE